**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-6086**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

QUENTIN DAWAN HAYES,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:10-cr-00941-RBH-2; 4:13-cv-02832-RBH)

———————

Submitted:  September 24, 2014      Decided:  October 2, 2014

———————

Before MOTZ, Circuit Judge, and HAMILTON and DAVIS, Senior Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Quentin Dawan Hayes, Appellant Pro Se.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quentin Dawan Hayes seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 (2012) motion. This appeal is before us following our limited remand to the district court for a determination of the date on which Hayes delivered the notice of appeal to prison officials for mailing. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on October 31, 2013. The notice of appeal was filed on January 7, 2014.[*] Because Hayes failed to file a timely notice of appeal

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

or to obtain an extension or reopening of the appeal period, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>

3